**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2032-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DONALD THOMAS, a/k/a D-BLOCK,
and DONALD THOMAS, III,

     Defendant-Appellant.

_____

Submitted November 7, 2018 – Decided December 20, 2018

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 09-12-1320.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel; William P. Welaj, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Donald Thomas appeals from a November 15, 2017 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

I

In 2012, a jury convicted defendant of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1(a)(2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and violations of regulatory provisions relating to firearms, N.J.S.A. 2C:39-10(a). The weapons and robbery convictions were merged with the felony murder conviction and defendant was sentenced to an extended term of sixty years in prison with eighty-five percent of that time ineligible for parole as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's convictions and sentence. State v. Thomas, No. A-5424-11 (App. Div. Feb. 22, 2016). The Supreme Court denied certification. State v. Thomas, 227 N.J. 217 (2016).

Defendant's conviction arose out of the shooting and subsequent death of L.O.[1] We detailed the facts in our opinion issued in 2016, and thus we

---

[1] To protect the privacy interests of the victim, his family, and witnesses, we use initials for the victim and witnesses.

A-2032-17T1

summarize only the most relevant facts here. At defendant's trial, the State presented evidence that defendant was a ranking member of the Bloods street gang. On the night of the murder, he was with other gang members, including then fifteen-year-old D.S. Defendant gave D.S. a gun and directed him to rob L.O., who was sitting in a car parked on the street. With defendant watching, D.S. walked up to the car in which L.O. and a friend were sitting. D.S. knocked on the window and pointed a gun at L.O. and the friend. L.O. then tried to drive away, but D.S. shot him. Thereafter, L.O. died of the gunshot wounds.

D.S. testified at defendant's trial. According to D.S., on the night of the murder he was with defendant and other gang members at a bar. Defendant then asked D.S. to leave with him and they walked out onto a street. Defendant gave D.S. a gun and ordered him to rob L.O. and to shoot him if L.O. did not comply. D.S. also testified that another gang member threatened him and D.S. believed that if he did not commit the robbery he would be killed. He also testified that he shot L.O. because he had been told to shoot him.

At defendant's trial, the State presented video surveillance from the bar. The video showed that just before the murder, defendant was with D.S. and two other men. A detective also testified that he investigated the murder and interviewed defendant. The detective described several inconsistencies with

3 A-2032-17T1

defendant's statements to the police, including that defendant initially denied knowing D.S.

Defendant filed his petition for PCR in August 2016. In his initial petition, defendant claimed that his trial counsel was ineffective in failing to call witnesses, present evidence, request jury instructions, and to make objections. Defendant was assigned counsel, and his counsel filed a supplemental brief in which she contended that trial counsel had failed to vigorously object to certain phone records that had been introduced, obtain an expert to explain the phone records, and object to testimony depicting defendant as a gang member.

After hearing oral arguments on defendant's petition, the PCR judge, who was also the trial judge, decided to conduct an evidentiary hearing. At the hearing, defendant's primary contention was that his trial counsel was ineffective in cross-examining D.S. In that regard, defendant contended that the State presented D.S. as a young, inexperienced juvenile who was directed by defendant to commit the robbery that resulted in the murder. Defendant argued that his trial counsel should have cross-examined D.S. and D.S.'s mother on a prior incident in which D.S. was selling drugs while armed, and shot an individual who tried to rob him.

A-2032-17T1

At the PCR hearing, defendant testified, trial counsel testified, and trial counsel for a co-defendant testified. During the co-defendant's trial, D.S. was cross-examined on the prior incident, and he was also shown to be inconsistent in his testimony based on what he had testified at defendant's trial as compared to the testimony at the co-defendant's trial. The co-defendant was not convicted.

At the conclusion of the evidentiary hearing, the PCR judge rendered an oral decision denying defendant's petition and issued an order, dated November 15, 2017, denying the petition. The PCR court found that defendant's trial counsel was experienced and had been well-prepared at trial. The court then found that the trial counsel had made a strategic decision on how to cross-examine D.S. and that defendant had not shown that trial counsel was ineffective. The court also found that defendant had shown no prejudice because the State had also presented strong evidence of defendant's guilt through the video surveillance and the testimony by the detective. The PCR court went on to analyze, but reject, defendant's contentions that trial counsel had been ineffective in failing to object to the phone records, in failing to obtain an expert to explain the phone records, and in failing to object to the testimony depicting defendant as a gang member.

A-2032-17T1

II

On appeal, defendant focuses his argument on the contention that his trial counsel was ineffective in cross-examining D.S. and argues that the PCR court's findings are not supported by substantial, credible evidence. In that regard, defendant articulates his arguments as follows:

> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF FOLLOWING THE EVIDENTIARY HEARING SINCE THE DEFENDANT FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL, WHILE THE FACTUAL FINDINGS MADE BY THE POST-CONVICTION RELIEF COURT UNDERLYING ITS DENIAL WERE NOT SUPPORTED BY THE RECORD ESTABLISHED AT THE HEARING.

We use a deferential standard of review on an appeal of a denial of a PCR petition following an evidentiary hearing. State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). The factual findings made by a PCR court following an evidentiary hearing will be accepted if they are based on "sufficient credible evidence in the record." Ibid. (quoting Nash, 212 N.J. at 540). In contrast, interpretations of the law "are reviewed de novo." Id. at 576-77 (quoting Nash, 212 N.J. at 540).

A-2032-17T1

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under that test, a defendant must prove (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58. In examining the first prong of the Strickland test, there is a strong presumption that the attorney provided reasonable effective assistance and a "'defendant must overcome the presumption that,' the attorney's decisions followed a sound strategic approach to the case." Pierre, 223 N.J. at 579 (quoting Strickland, 466 U.S. at 689). "If counsel thoroughly investigates law and facts, considering all possible options, his or her trial strategy is 'virtually unchallengeable.'" State v. Savage, 120 N.J. 594, 617 (1990) (quoting Strickland, 466 U.S. at 690-91).

Here, defendant failed to satisfy the Strickland test. After conducting an evidentiary hearing, the PCR court found that defendant's trial counsel had made a strategic decision on how to cross-examine D.S. The PCR court then found that that strategic decision was not ineffective. There was substantial, credible

7

evidence supporting those fact-findings by the PCR court. In that regard, the court listened to the testimony of defendant, defense counsel, and counsel who had represented a co-defendant.

The PCR court also found that defendant had failed to show any prejudice because there was other evidence that supported defendant's conviction, including video surveillance and testimony from a detective. The PCR judge was in a particularly good position to evaluate defendant's contention because he was also the judge who presided at defendant's trial. We discern no basis to disturb the findings made by the PCR court. Having made factual findings, the PCR court correctly applied those facts to the law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION